# EXHIBIT A

## AGREEMENT AND GENERAL RELEASE ("Agreement")

This Agreement and General Release is made by and between Power Design, Inc., on behalf of itself and Emerson Alvarado, and E.A. Electric, LLC (collectively "Defendants") and Alex Rivera, Medardo Escobar, Jenry Escobar, Alfonso Escobar, and Emerson Lopez, their heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employees"), each intending to be legally bound. Defendants and Employees shall be referred to herein as the "Parties." The Parties agree that:

WHEREAS, Employees are Plaintiffs in case number 1:15-cv-00975-TSC, pending in the United States District Court for the District of Columbia, brought against Defendants;

WHEREAS, Employees voluntarily have agreed to execute a complete release of claims as stated herein; and

WHEREAS, the Parties wish to avoid further litigation and settle and resolve all controversies between them amicably and expeditiously;

NOW THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned Parties that all matters between them are hereby resolved as follows:

1.    **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendants agree:

a.    to pay a total of thirty five thousand dollars ($35,000) within ten (10) business days after the Court's approval of the settlement and dismissal of the lawsuit with prejudice pursuant to Paragraph 6 of this Agreement, except that no payments will be provided until (1) Employees provide a fully-executed IRS Form w-4 and w-9 to Defendants' attorneys, and (2) Ashcraft & Gerel LLP and the D.C. Employment Justice Center provide a fully-executed IRS Form w-9 to Defendants' attorneys. Payment will be made by means of the following checks:

(i)    a check for six hundred dollars ($600), payable to "Alex Rivera," which portion of the settlement amount is intended to satisfy Employee's claim for back wages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(ii)    a check for six hundred dollars ($600) payable to "Medardo Escobar," which portion of the settlement amount is intended to satisfy Employee's claim for back wages. Defendants shall issue Employee an IRS Form 1099 for this portion of

the settlement.

(iii)   a check for six hundred dollars ($600) payable to "Jenry Escobar," which portion of the settlement amount is intended to satisfy Employee's claim for back wages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(iv)   a check for six hundred dollars ($600) payable to "Alfonso Escobar," which portion of the settlement amount is intended to satisfy Employee's claim for back wages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(v)   a check for six hundred dollars ($600)payable to "Emerson Lopez," which portion of the settlement amount is intended to satisfy Employee's claim for back wages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(vi)   a check for three thousand six hundred dollars ($3,600), payable to "Alex Rivera," which portion of the settlement amount is intended to satisfy Employee's claim for liquidated damages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(vii)   a check for three thousand six hundred dollars ($3,600), payable to "Medardo Escobar," which portion of the settlement amount is intended to satisfy Employee's claim for liquidated damages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(viii)   a check for three thousand six hundred dollars ($3,600), payable to "Jenry Escobar," which portion of the settlement amount is intended to satisfy Employee's claim for liquidated damages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(ix)   a check for three thousand six hundred dollars ($3,600), payable to "Alfonso Escobar," which portion of the settlement amount is intended to satisfy Employee's claim for liquidated damages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(x)   a check for three thousand six hundred dollars ($3,600), payable to "Emerson Lopez," which portion of the settlement amount is intended to satisfy Employee's claim for liquidated damages. Defendants shall issue Employee an IRS Form 1099 for this portion of the settlement.

(xi)   a check for four thousand five hundred dollars ($4,500), payable to "Ashcraft & Gerel LLP,   attorneys for Plaintiffs," which portion of the settlement amount, together with the payment to the D.C. Employment Justice Center, is intended to satisfy Employee's claim for attorney's fees and costs. Defendants shall issue to Ashcraft & Gerel LLP an IRS Form 1099 for this portion of the settlement.

(xii)   a check for nine thousand five hundred dollars ($9,500), payable to "D.C. Employment Justice Center, attorneys for Plaintiffs," which portion of the settlement amount, together with the payment to Ashcraft & Gerel LLP, is intended to satisfy Employee's claim for attorney's fees and costs. Defendants shall issue to the D.C. Employment Justice Center an IRS Form 1099 for this portion of the settlement.

2.      **No Consideration Absent Execution of this Agreement.** Employees understand and agree that Employees would not receive the monies and/or benefits specified in paragraph "1" above, except for Employees' execution of this Agreement and the fulfillment of the promises contained herein.

3.      **Dismissal with Prejudice of Certain Defendants.** Employees agree, pursuant to the terms in Paragraph 6, to dismiss this matter (Case No. 1:15-cv-00975-TSC, pending in the United States District Court for the District of Columbia) with prejudice as to Defendants Power Design, Inc.,Emerson Alvarado and E.A. Electric, LLC. Only Power Design, Inc. will execute this Agreement.

4.      **General Release. Claims Not Released and Related Provisions.**

a.      **General Release of All Claims.** Employees knowingly and voluntarily releases and forever discharges Defendants, their parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employees have or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Genetic Information Nondiscrimination Act of 2008;

- District of Columbia Human Rights Act;

- District of Columbia Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim;

- District of Columbia Family and Medical Leave Act;

- District of Columbia Wage Payment and Collection Law;

- District of Columbia Minimum Wage Act;

- District of Columbia Smokers' Rights Law;

- District of Columbia Parental Leave Act;

- District of Columbia Rights of the Blind and Physically Disabled ("White Cane Act");

- D.C. Pregnancy Anti-Discrimination Act;

- D.C. Accrued Sick and Safe Leave Act;

- D.C. Unemployed Anti-Discrimination Act;

- D.C. Protecting Pregnant Workers Fairness Act;

- D.C. Fair Criminal Record Screening Amendment Act ("Ban the Box");

- D.C. Wage Theft Prevention Act;

- D.C. Wage Transparency Act;

- The Workplace Fraud Amendment Act of 2012

- any other federal, state or local law, rule, regulation, or ordinance

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

b.   **Governmental Agencies.**   Nothing in this Agreement prohibits or prevents Employees from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employees agree that if such an administrative claim is made, Employees shall not be entitled to recover any individual monetary relief or other individual remedies.

c.   **Collective/Class Action Waiver.**   If any claim is not subject to release, to the extent permitted by law, Employees waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee identified in this Agreement is a party.

### 5.   Acknowledgments and Affirmations.

Employees affirm that Employees have not filed, caused to be filed, or presently is a party to any claim against Defendants, except case number Case No. 1:15-cv-00975-TSC, pending in the United States District Court for the District of Columbia.

Employees also affirm that Employees have been paid and/or has received all compensation, wages, bonuses, commissions, which are due and payable as of the date Employee signs this Agreement. Employees affirm that Employees have been granted any leave to which Employees were entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employees further affirm that Employees have no known workplace injuries or occupational diseases.

Employees also affirm that Employees have not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies and/or common law.

Employees further affirm that Employees have not been retaliated against for reporting any allegations of wrongdoing by Defendants or their officers, including any allegations of corporate fraud.

6.   **Dismissal Of Pending Lawsuit.** As part of the releases and waivers provided for in this Agreement, Employees agree that within five (5) business days of a fully-executed copy of this agreement, they will cooperate fully with Defendants and take all necessary actions to secure approval of this Agreement from the Court and seek the dismissal of this matter (Case No. 1:15-cv-00975-TSC, pending in the United States District Court for the District of Columbia). Employees understand and agree that Defendants will not release to Employees any checks specified in Paragraph 1 of this Agreement until the Parties have secured the dismissal with prejudice of their lawsuit. If the lawsuit is not dismissed with prejudice, it is acknowledged by both Parties to render this Agreement null and void. If this Agreement is rendered null and void, Employees will be ineligible to receive any portion of the payment provided for under this Agreement

pursuant to Paragraph 1 and all releases set forth herein will be of no force and effect.

       7.    **Limited Disclosure and Return of Property**.  Employees agree not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement, except to Employees' spouse, tax advisor, an attorney with whom Employees choose to consult regarding Employees' consideration of this Agreement and/or as required by any federal, state or local government agency.

       Employees affirm that Employees have returned all of Defendants' property, documents, and/or any confidential information in Employees' possession or control.  Employees also affirm that Employees are in possession of all of Employees' property that Employees had at Defendants' premises and that Defendant is not in possession of any of Employees' property.

       8.    **Governing Law and Interpretation.**  This Agreement shall be governed and conformed in accordance with the laws of the District of Columbia without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.  Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

       a.    **Arbitration**.   In the event either party breaches this Agreement and/or either party brings a legal action to enforce or interpret this Agreement, any resulting legal action or complaint shall be referred for binding arbitration conducted by an arbitrator from either JAMS or The McCammon Group that has been mutually-agreed upon by the Parties.  Any arbitration hearing will take place in the District of Columbia, or at such location as agreed upon by the Parties.  The arbitration shall be administered and conducted according to the standard arbitration rules governing at the time one of the Parties initiates a claim, unless a rule might conflict with this Agreement.  The fees for the arbitration services shall be divided equally unless otherwise agreed.  The Parties agree to complete any and all papers and agreements to arbitrate that are required to initiate arbitration, but the Parties agree that in the event of a conflict between the Terms of this Agreement and any agreement to arbitrate might require the Parties to execute, the terms of this Agreement shall control.  Plaintiff shall not, without written consent of Defendants have the right to:  (1) initiate or file any class action in court or in arbitration, either as a class representative or a class member, including "collective" action type claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. or (2) join or consolidate claims with any other claim asserted by any other person.

       9.    **Nonadmission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10.     **Amendment**.   This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

11.     **Entire Agreement.**   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employees acknowledge that Employees have not relied on any representations, promises, or agreements of any kind made to Employees in connection with Employees' decision to accept this Agreement, except for those set forth in this Agreement.

**EMPLOYEES ARE ADVISED THAT EMPLOYEES HAVE A REASONABLE AMOUNT OF TIME, NOT TO EXCEED 15 DAYS, TO CONSIDER THIS AGREEMENT.**

**EMPLOYEES FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEES HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

Plaintiffs                                          Power Design, Inc.

By: _____                      By: _____
        Alex Rivera

Date: ___8/22/16_____                         Date: ___08/23/16_____


By: _____
        Medardo Escobar

Date: ___8 - 22 - 16_____


By: _____
        Jenry Escobar

Date: ___8/22/16_____


By: _____
        Alfonso Escobar

Date: ___8/22/16_____


By: _____
        Emerson Lopez

Date: ___8 - 22 - 16_____

4825-0149-4838, v. 2